# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DAVID POOLE,

        Petitioner,                  Case Number: 5:08-CV-13305

v.                                        HON. JOHN CORBETT O'MEARA

LLOYD RAPELJE,

        Respondent.

_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner David Poole has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, pursuant to convictions for second-degree murder and possession of a firearm during the commission of a felony. Respondent filed a Motion for Summary Judgment, contending that the petition was not timely filed. For the reasons which follow, the Court determines the petition was not timely filed and the petition is dismissed with prejudice.

## I.

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of second-degree murder and felony firearm. On April 5, 2005, he was sentenced to 216 months to 40 years' imprisonment for the murder conviction, to be served consecutively to two years imprisonment for the felony-firearm convictions.

Petitioner filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Poole*, No. 262107 (Mich. Ct. App. Oct.

12, 2006).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *People v. Poole*, 477 Mich. 1056 (Mich. March 29, 2007).

Petitioner filed the pending petition for a writ of habeas corpus on July 31, 2008. Respondent has filed a Motion for Summary Judgment.

## II.

Respondent argues that the petition should be dismissed because it was not timely filed. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions.

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A). The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). A properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In this case, Petitioner's time for filing a petition for a writ of certiorari in the United States Supreme Court began to run on March 27, 2007, the day after the Michigan Supreme

Court denied leave to appeal his conviction. *Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (citing Supreme Court Rule 30 which states that in calculating the ninety-day window for filing a petition for writ of certiorari, "the day of the act, event, or default from which the designated period begins to run is not included"). The ninety-day period during which Petitioner could petition for a writ of certiorari concluded on June 24, 2007. The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. *Id.* at 285. Accordingly, the limitations period commenced on June 25, 2007. The limitations period continued to run, uninterrupted, until it expired on June 25, 2008. Petitioner filed his habeas petition on July 31, 2008, over one month after the limitations period expired.

Petitioner argues that he is actually innocence of the crime solicitation of murder. "Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), citing *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). Actual innocence can be a basis for equitable tolling when a petitioner "can present new evidence which undermines this court's confidence in the outcome of the trial." *Souter v. Jones*, 395 F.3d 577, 600 (6th Cir.2005). "Where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Id.* at 602. "[T]he threshold inquiry is whether 'new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial.'" *Id.* at 590, *quoting Schlup*

*v. Delo*, 513 U.S. 298, 317 (1995).  "[T]o be credible a gateway claim requires new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *House v. Bell*, 547 U.S. 518, 537 (2006) (internal quotation marks omitted).

Petitioner presents no new, reliable evidence which would raise sufficient doubt about his guilt so as to undermine confidence in the validity of his convictions.  Therefore, his actual innocence claim is insufficient to warrant equitable tolling.

### III.

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).  The Court concludes that it is presently in the best position to decide whether to issue a COA. *See id.* at 901, (*quoting Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir.1997)), overruled in part on other grounds by *Lindh v. Murphy*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In

this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

### IV.

For the foregoing reasons, the Court concludes that the habeas corpus petition was filed outside the one-year limitations period prescribed in 28 U.S.C. § 2244 (d)(1)(A). Accordingly, **IT IS ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

                                                s/John Corbett O'Meara
                                                United States District Judge

Date: August 28, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 28, 2009, by electronic and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager